# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH PARK, | ) | CASE NO. 4:22 CV 698 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| F. GARZA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Joseph Park, an inmate in the Federal Correctional Institution in Elton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted and sentenced in 2021 in the United States District Court for the District of Columbia on charges of production of child pornography. He did not appeal his conviction or file a Motion to Vacate Conviction or Sentence under 28 U.S.C. § 2255. He indicates that the United States Court of Appeals for the District of Columbia Circuit found the District Court erred in dismissing his indictment charging him with production of child pornography and sexually abusing a child while residing in Vietnam in violation of the PROTECT Act, finding the Act was constitutional.

Petitioner has now filed this Petition under 28 U.S.C. § 2241 claiming that Congress did not have the authority to pass the PROTECT Act, 18 U.S.C. § 2423(c) and (e). He claims the Act is unconstitutional and asks this Court to vacate his conviction and release him from custody.

## I.  STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## II.  ANALYSIS

Petitioner is not entitled to  relief under 28 U.S.C. §2241.  As a general matter, 28 U.S.C. §§2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under §2255.  *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims are unsuccessful.

Section 2255 does contain a narrow exception to this rule which permits a federal prisoner, in rare circumstances, to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241.  A federal prisoner can only use § 2241 to challenge his conviction or sentence if there is an intervening change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).  Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In addition, Petitioner must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).  This occurred when the Supreme Court of the United States issued its decision in *Bailey v. United States*, 516 U.S. 137 (1995) redefined "use" of a firearm during a drug or violent crime in a restrictive manner and some prisoners convicted of "using" a firearm found themselves actually innocent.  Both of those factors must be in place for the Court to consider entertaining a federal prisoner's challenge to his conviction in a §2241 Petition.

Petitioner is clearly challenging his conviction.  He therefore must seek relief under 28 U.S.C. § 2255.  Petitioner attempts to assert that § 2255 will be ineffective to provide relief because an appeal of his § 2255 Motion would be appealed it to the D.C. Circuit and the D. C. Circuit already determined his indictment under the PROTECT Act was proper.  He indicates it would be futile to pursue relief in the D.C. Circuit.  His remedy, however, does not become in adequate or ineffective simply because he was already denied relief on that claim.  He cannot pursue this claim in a § 2241 Petition.

## IV.  CONCLUSION

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

7/13/2022

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

-4-